EZEKIEL E. BONHAM et al., executors &c.,

*v.*

ANN BONHAM et al.

Where the payment of vested legacies was postponed by the operation of another clause in the testator's will, for the benefit of his widow, until after her death—*Held*, that the legatees were ratably entitled to interest on their legacies from the expiration of one year after testator's death.

Question as to interest upon legacies. On written stipulation of counsel as to facts.

*Messrs. Voorhees & Cotter*, for the executors.

*Mr. H. A. Fluck*, for the legatees.

THE CHANCELLOR.

By the decree in this cause it was adjudged that the payment of the general legacies should be postponed until after the death of the testator's widow. *Bonham v. Bonham, 6 Stew. Eq. 476*. She is dead. The surviving executor has settled his account. He has paid all the general legacies except two (of $200 each) to Whitfield Bonham and his sister, Sarah J. Brink. Those which he has paid he has paid without interest. He has in his hands a balance of $1,458.17, out of which the two legacies above mentioned are to be paid. The legatees demand interest thereon, at the legal rate, from the expiration of one year after the death of the testator, and the question submitted for decision is whether they are entitled to it or not. Their legacies were given to them " as they should become of age," and there was a limitation over in case of their death before attaining to majority. They were both of age, however, at the death of the testator. The legacies, therefore, were vested, and according to the rule, were payable at the end of one year from the death of the tes-.

McEvoy v. Trustees.

tator. The fact that it was necessary, in order to carry out the testator's intention in regard to the support of his wife, to postpone the payment of the general legacies until after her death, in nowise affected the character of the legacies. It did not make them contingent legacies. They bore interest from the time when they would have been payable but for that necessity. But so did the other vested pecuniary legacies. The estate, however, is not sufficient to pay the interest in full upon all of them, and the executor has paid no interest on any of them. In view of the deficiency of assets to pay interest in full on all, there must be a ratable payment of interest to all. The two legatees are therefore entitled to their ratable proportion of interest, but only to such ratable proportion, and the others are still entitled to receive their